IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: | |
| THE RESIDENCE LOCATED AT:<br>301 TREFOIL CT, MONROEVILLE, PA 15146 | Magistrate No. 20-2529<br>**[UNDER SEAL]** |
| THE PERSON OF:<br>DOUGLAS J. WRIGHT | Magistrate No. 20-2532<br>**[UNDER SEAL]** |

### APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

I, Jonathan K DuThinh, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as Special Agent (SA) with the ATF for approximately five years. I am currently assigned to the ATF Pittsburgh Field Office, Group II. I have experience with a wide range of investigative techniques, including various types of visual and electronic surveillance, the interception of wire communications, and the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, controlled deliveries, use of search and arrest warrants, management and use of informants, pen registers, the laundering and concealing of proceeds from drug trafficking, and the street gangs who participate in these illegal activities. As a Special Agent with the ATF, I am authorized to conduct investigations of persons who engage in unlawful firearms possession, acquisition, and use, as well as violent crimes. I have been personally involved in numerous firearms investigations, and as such I am familiar with the various methods used by prohibited persons to acquire firearms. I also have experience with a wide range of investigative techniques,

including various types of visual and electronic surveillance, the interception of wire communications, and the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the unlawful acquisition of firearms. As such, I am familiar with the way in which individuals involved in illegal firearm acquisition and/or unlawful firearms possession use cellular telephones, in addition to the evidence that can be obtained from cellular telephones involved in that illegal activity.

2. This affidavit is submitted in support of a warrant to search the following locations:

   a. **SEARCH LOCATION 1**: the residence located at 301 Trefoil Ct, Monroeville, PA 15146; and

   b. **SEARCH LOCATION 2**: the person of Douglas J **WRIGHT** (hereinafter **WRIGHT**), a black male with a date of birth of 9/12/1981.

3. Each of the **SEARCH LOCATIONS** is described more fully in Section I of Attachments A-1 and A-2. These locations may be referred to herein, collectively, as the "**SEARCH LOCATIONS**". The applied for warrant would authorize the search of the **SEARCH LOCATIONS** and the seizure of evidence described in Section II of Attachments A-1 and A-2. Based upon the facts set forth in this affidavit, there is probable cause to believe that evidence of violations of Title 18, United States Code, Section 922(g)(1)(Felon in Possession of Firearm) are contained within/on **SEARCH LOCATIONS**.

4. The information contained herein is based upon my own personal investigation, observations, and knowledge as well as upon the investigation, personal observations, and knowledge of other law enforcement officers (LEOs) with whom I have discussed this case. Because this Affidavit is being submitted for the limited purpose of establishing probable cause in

support of search warrants, I have not included every item of evidence or piece of information known to me; rather, I have included only those facts necessary to establish probable cause.

5. Based upon my training and experience, I know that convicted felons are prohibited from possessing firearms. I also know that convicted felons who desire to possess firearms, and those who generally do not wish to have a record of a firearm in their name, will use a third party to purchase a firearm on their behalf. This is commonly referred to as a "straw purchase." Based upon training and experience, your Affiant knows that is common for drug traffickers to leverage a customer's debt or addiction to procure firearms through a straw purchase.

6. As explained below, there is probable cause to conclude that evidence of violations of Title 18, United States Code, Section 922(g)(1)(Felon in Possession of Firearm) will be found within or on the **SEARCH LOCATIONS**.

7. I am aware that the following kinds of evidence have been recovered in many searches executed in connection with firearm investigations and that there is probable cause to conclude that such evidence is located within or on **SEARCH LOCATIONS**:

   a. firearms, ammunition, magazines, and gun locks;

   b. firearm cases, owner's manuals, records, receipts, notes, ledgers, letters, and other papers relating to the purchase of firearms, travel for the purpose of acquiring and/or transferring firearms, and to monetary transactions involving the proceeds from the subsequent sale of firearms;

   c. personal books, papers reflecting names, addresses, telephone numbers, and other contact or identification data relating to the acquisition of firearms, and unlawful firearm possession;

    d. cash, currency, and records relating to the generation of income and the expenditure of such income (including income from the unlawful sale of firearms), including money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, check registers, and tax return information;

    e. documents and other records indicating travel in interstate and foreign commerce, such as maps, GPS coordinates, navigation coordinates, travel itineraries, plane tickets, boarding passes, motel and hotel receipts, passports and visas, credit card receipts, and telephone bills and related communications; and

    f. identification evidence and/or indicia, such as mail, deeds, leases, rental agreements, photographs, bills, and identification documents, that tend to identify the person(s) in residence, occupancy, control, or ownership of subject premises.

## FACTS RELATING TO PROBABLE CAUSE

8. On November 18, 2020, Tammy L. Shifflett filed a report with the Plum Police Department (PPD) that four of her firearms were stolen. The filed report contained information leading your Affiant to believe that the firearms for the straw purchase of firearms. On December 17, 2020, your Affiant and Plum Police Department (PPD) Detective Ken Farmerie conducted a non-custodial interview of Shifflett at the Plum Borough Municipal building regarding the firearms. Shifflett reported the following.

9. Shifflett stated that she and her fiancée, Wendy Stanzak, started using cocaine base, in the form commonly known as crack, approximately two years ago. From approximately November 2019 to March 2020, Shifflett lived in the Cambridge Square apartments in Monroeville, PA. While living in the apartment building, she met a male known to her as "Double" or "Meadow," and Shifflett believed his name could be Douglas. Your Affiant presented Shifflett

a PA Justice Network photo of **WRIGHT** without any other identifiers, and she confirmed the man depicted was known to her as "Double" and "Meadows."

10.     According to Shifflett, she met **WRIGHT** in approximately December 2019 through a young man only known to her as, "JACKSON." Shifflett purchased between $40-$50 worth of crack five to seven times a week from **WRIGHT**. **WRIGHT** would offer users crack on consignment or "front" at double the price, which resulted in the street name "Double."

11.     Your Affiant separately interviewed Stanzak related to the above drug trafficking and the dealer's identity. According to Stanzak, she knows "Double" and "Meadow" are the names associated with the individual who sells crack. Additionally, Stanzak admitted to purchasing crack with Shifflett from this individual. Subsequently, your Affiant showed Stanzak **WRIGHT**'s PA Department of Transportation photograph without any identifiers. Stanzak confirmed the man shown was known to her as "Double" and "Meadow."

12.     Shifflett initially had the financial means to pay **WRIGHT** for the crack, but she eventually had to accept fronts at double the price. Between in and around December 2019 to in and around January 2020, Shifflett owed **WRIGHT** approximately eleven thousand dollars ($11,000.00). Although Shifflett and Stanzak paid most of the debt, Shifflett reported that two of **WRIGHT**'s nieces physically assaulted her regarding the outstanding sum in approximately March 2020. The resulting harm required hospital care.

13.     Following the assault, and in an effort to pursue sobriety, Shifflett and Stanzak moved to Virginia in March 2020. However, in approximately August 2020, Shifflett and Stanzak moved back to Pittsburgh and resumed purchasing crack from **WRIGHT**. Shifflett again amassed a quantity of debt by taking fronts of crack. Through pandemic unemployment assistance, Shifflett

received approximately nineteen thousand dollars ($19,000). She gave approximately nine thousand dollars ($9,000) to **WRIGHT** for her debt in crack.

14. In and around October 2020, **WRIGHT** began propositioning Shifflett to purchase firearms for him. Shifflett initially declined; however, Shifflett agreed when **WRIGHT** offered an "eight ball" of crack. Based upon training and experience, your Affiant knows that an "eight ball" of crack is worth approximately $250.00. Your Affiant also knows that is common for drug traffickers to leverage a customer's debt or addiction to procure firearms through a straw purchase.

15. According to Shifflett, **WRIGHT** provided her the eight ball of crack on October 16, 2020, and **WRIGHT** arranged to meet her at the Monroeville Gun Show the next day. However, on October 17, 2020, "JACKSON" and three unknown males met Shifflett at the Monroeville Gun Show instead of **WRIGHT**. SHIFFLETT recalled that the males selected firearms for Shifflett to purchase and provided her with the currency to purchase them. Shifflett provided that she was in frequent phone contact with **WRIGHT** throughout the gun show but that **WRIGHT** never appeared in-person.

16. Your Affiant obtained the PA State Police Application/Record of Sale forms completed by Shifflett at the Monroeville Gun Show. The Record of Sale forms reflects that on October 17, 2020, Shifflett purchased two Glock handguns and two assault rifles. Of note, these were the same four firearms Shifflett reported stolen to PPD.

17. According to Shifflett, **WRIGHT** again asked her to purchase firearms for him in November 2020. While Shifflett agreed to purchase firearms for **WRIGHT**, she requested that he personally accompany her because she did not feel comfortable doing so with unknown males. **WRIGHT** agreed.

18. According to Shifflett, **WRIGHT** met her at Dunham's Sports, a Federal Firearms Licensees (FFL) located at 1701 Lincoln Hwy, North Versailles, PA 15137. At the FFL, **WRIGHT** and Shifflett posed as a couple. Shifflett would select a gun from the display case and then **WRIGHT** would offer her feedback, eventually directing her to what she believes were a Glock pistol and a Springfield pistol. Shifflett recalled that **WRIGHT** provided her with cash to place the firearms on layaway. Approximately two weeks later, Shifflett, this time accompanied by Stanzak, went to Dunham's Sports and met **WRIGHT**. Shifflett purchased the firearms with a debit card. On the same day, Shifflett recalled giving **WRIGHT** the firearms and **WRIGHT** deducted the cost of the firearms from the crack debt she owed him.

19. On December 20, 2020, your Affiant obtained the ATF Form 4473, Firearms Transaction Record, and purchase receipt of the Dunham's Sports transaction. FFLs rely upon the ATF Form 4473 in order to determine whether a firearm transfer may be completed. In relevant part, the purchaser certifies on ATF Form 4473 that she is the actual purchaser of the firearm and is not otherwise prohibited from making the purchase. The ATF Form 4473 also identifies the firearm purchased, to include make, model, caliber, and serial number. The ATF Form 4473 completed for the Dunham Sport's transaction reflects that Shifflett purchased a Taurus, model: G3C pistol, bearing serial number (SN) ABK061358; and a Springfield Armory, model XDS pistol, bearing SN BY320612, on November 16, 2020. The purchase receipt shows Shifflett placed the two pistols on layaway on November 1, 2020 and purchased them on November 16, 2020.

20. On December 21, 2020, your Affiant and ATF SA Lamar Reddick interviewed Stanzak. She confirmed that she was present when Shifflett met **WRIGHT** at Dunham's Sports to purchase firearms on November 16, 2020. According to Stanzak, she observed Shifflett and **WRIGHT** at the sales counter communicating with the firearm sales associates. Following the

purchase of firearms, Stanzak and Shifflett drove together to a predetermined meeting location. Upon arrival, Stanzak observed Shifflett deliver the firearms to **WRIGHT**.

21. According to Shifflett, on December 17, 2020 at approximately 3:00 AM, Shifflett and a friend went to **WRIGHT's** residence to purchase narcotics. Specifically, Shifflett intended to purchase approximately $20 worth of crack for herself and a quantity of marijuana for her friend. While inside **WRIGHT's** residence, Shifflett observed what she believed to be the same pistol she had purchased at Dunham's Sports. According to Shifflett, most of her drug transactions at **WRIGHT**'s residence occur in the living room. Moreover, she usually observes the firearm next to him during the drug purchases. She most recently observed him with that particular firearm on December 17, 2020.

22. During an April 2020 arrest of **WRIGHT**, law enforcement lawfully obtained and searched his cellular phone. **WRIGHT**'s phone contained images of his living room. Your Affiant asked Shifflett to described the living room where **WRIGHT** described observing the firearm. Notably, she described an "L" shaped couch with a hole cut through a wall into the kitchen. This description is consistent with the photographs contained on **WRIGHT**'s cellular phone.

23. Your Affiant confirmed that **WRIGHT**'s residence is 301 Trefoil Ct, Monroeville, PA 15146. Shifflett stated that this was the residence where she purchased crack and observed the pistol in **WRIGHT**'s possession. Moreover, Shifflett detailed driving **WRIGHT** from his residence to dialysis treatments in his vehicle, a green Subaru. A PA Department of Transportation query of the registration associated with **WRIGHT**'s vehicle provides an address of 301 Trefoil Ct, Monroeville, PA 15146. **WRIGHT**'s PA driver's license contains this same address. Finally, the Monroeville Police Department (MPD) has had several interactions with **WRIGHT**. The MPD informed your Affiant that **WRIGHT** lives at 301 Trefoil Ct, Monroeville, PA 15146.

24. **WRIGHT** has multiple felony convictions. On January 7, 2019, **WRIGHT** pled guilty in the Court of Common Pleas, Allegheny County, to carrying a firearm without a license and possession of a firearm by a prohibited person. (Docket Number: CP-02-CR-0009241-2016). Additionally, on September 9, 2010, **WRIGHT** pled guilty in the Court of Common Pleas, Allegheny County, to possession of a firearm by a prohibited person. (Docket Number: CP-02-CR-0003241-2010). Finally, on December 2, 2009, **WRIGHT** pled guilty in the Court of Common Pleas, Allegheny County, to a felony drug trafficking offense. (Docket Number: CP-02-CR-0003597-2009). Due to his criminal record, **WRIGHT** is a convicted felon who is prohibited from possessing firearms.

## CONCLUSION

25. Based upon the forgoing, your Affiant submits that there is probable cause to believe the **SEARCH LOCATIONS** contain evidence of violations of Title 18, United States Code, Section 922(g)(1) (Felon in Possession of Firearm).

*/s/Jonathan DuThinh*
JONATHAN DUTHINH
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn and subscribed before me, by telephone
pursuant to Fed. R. Crim. P. 41(b)(2)(A),
this 23rd day of December 2020.

_____
HONORABLE CYNTHIA REED EDDY
Chief United States Magistrate Judge

## ATTACHMENT A-1

**I.      Location to be Searched**

The residence located at 301 Trefoil Court, Monroeville, PA 15146 and hereinafter referred to as **RESIDENCE**.

**II.     Property, Records, and Other Information to Be Seized**

1. All property, records, and other information evidencing violations of 18 U.S.C. § 922(g)(1) within **RESIDENCE**, including:

    a. firearms, ammunition, magazines, and gun locks;

    b. firearm cases, owner's manuals, records, receipts, notes, ledgers, letters, and other papers relating to the purchase of firearms, travel for the purpose of acquiring and/or transferring firearms, and to monetary transactions involving the proceeds from the subsequent sale of firearms;

    c. personal books, papers reflecting names, addresses, telephone numbers, and other contact or identification data relating to the acquisition of firearms, and unlawful firearm possession;

    d. cash, currency, and records relating to the generation of income and the expenditure of such income (including income from the unlawful sale of firearms), including money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, check registers, and tax return information;

    e. documents and other records indicating travel in interstate and foreign commerce, such as maps, GPS coordinates, navigation coordinates, travel itineraries, plane tickets, boarding passes, motel and hotel receipts, passports

and visas, credit card receipts, and telephone bills and related communications; and

f.  identification evidence and/or indicia, such as mail, deeds, leases, rental agreements, photographs, bills, and identification documents, that tend to identify the person(s) in residence, occupancy, control, or ownership of subject premises.

## ATTACHMENT A-2

**I.      Location to be Searched**

The person of Douglas J. Wright, a black male with a date of birth of 9/12/1981 and hereinafter referred to as **WRIGHT**.

**II.     Property, Records, and Other Information to Be Seized**

1. All property, records, and other information evidencing violations of 18 U.S.C. § 922(g)(1) on **WRIGHT**, including:

   a. firearms, ammunition, magazines, and gun locks;

   b. firearm cases, owner's manuals, records, receipts, notes, ledgers, letters, and other papers relating to the purchase of firearms, travel for the purpose of acquiring and/or transferring firearms, and to monetary transactions involving the proceeds from the subsequent sale of firearms;

   c. personal books, papers reflecting names, addresses, telephone numbers, and other contact or identification data relating to the acquisition of firearms, and unlawful firearm possession;

   d. cash, currency, and records relating to the generation of income and the expenditure of such income (including income from the unlawful sale of firearms), including money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, check registers, and tax return information;

   e. documents and other records indicating travel in interstate and foreign commerce, such as maps, GPS coordinates, navigation coordinates, travel itineraries, plane tickets, boarding passes, motel and hotel receipts, passports

and visas, credit card receipts, and telephone bills and related communications; and

f.  identification evidence and/or indicia, such as mail, deeds, leases, rental agreements, photographs, bills, and identification documents, that tend to identify the person.